UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANDREW GILLEO,
         Plaintiff

         v.                                              CIVIL ACTION NO. 3:17-CV-01657-MPS

LOWE'S HOME CENTERS, LLC,
         Defendant

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's"), hereby answers the

Plaintiff's complaint as follows:

I.       INTRODUCTION:

         1.      The Defendant admits that the Plaintiff has alleged that the Defendant has

violated the Employee Retirement Income Security Act (ERISA).  The Defendant denies that the

Plaintiff is entitled to recover anything based upon his allegations.

II.      PARTIES AND JURISDICTION:

         1.      The Defendant admits that the Plaintiff was a resident of Vernon, Connecticut

while employed by the Defendant.  The Defendant is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations of this paragraph and,

therefore, denies the same.

         2.      Admitted.

         3.      Admitted.

         4.      The Defendant admits that the Plaintiff has alleged that the Defendant has

violated ERISA and that ERISA is a law of the United States.  The Defendant is without

Client Matter/21181/00054/A5038899.DOCX

information or knowledge sufficient to form a belief as to the truth of the allegation as to what he

"invokes," and therefore, denies the remaining allegations.

III.    FACTS:

5.      Admitted.

6.      The Defendant admits that the Plaintiff was employed as a Store Manager in the

Lowe's store located in Killingly, Connecticut from approximately November 2014 through

February 2017.  The Defendant denies the remaining allegations to the extent "several years" is

intended to reference a time period different than stated above.

7.      The Defendant admits that the Plaintiff received two grants of stock options and

denies the remaining allegations of this paragraph.

8.      Denied.  Answering further, the Defendant states that there were additional

considerations that factored into whether the shares vested, beyond passage of time.

9.      Denied.

10.     Denied.

11.     The Defendant admits that the Plaintiff attended a company conference in Las

Vegas, Nevada.  The Defendant denies the remaining allegations of this paragraph.

12.     Denied.

13.     The Defendant admits that it terminated the Plaintiff's employment as a result of

his misconduct while attending a company conference in Las Vegas, Nevada.  The Defendant

denies the remaining allegations of this paragraph.

COUNT ONE:  Violation of 29 U.S.C. § 1132 (a)(1)(B)

1.      The Defendant repeats and incorporates by reference the response to the

allegations contained in paragraphs 1-13 above.

14.     Denied.

15.     Denied.

COUNT TWO:  Violation of 29 U.S.C. § 1132 (a)(1)(B)

1.      The Defendant repeats and incorporates by reference the response to the allegations contained in paragraphs 1-13 above.

14.     Denied.

15.     Denied.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff fails to state a claim upon which relief may be granted.

2.      The Plaintiff's claims are barred, in part, because the Plaintiff did not receive restricted stock through a plan, as defined by ERISA.

3.      The Plaintiff's claims are barred, in part, because the Plaintiff did not have an obligation to pay severance under a plan, as defined by ERISA.

4.      The Plaintiff's claims are barred, in part, because the issuance of unvested options to the Plaintiff, in this instance, is not subject to the requirements of ERISA.

5.      The Plaintiff's claims are barred, in part, because ERISA does not preclude terminations of employment "without just cause."

6.      The Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

7.      The Plaintiff's claims are barred, in whole or in part, as a result of a failure of consideration.

8.      The Defendant reserves the right to raise additional defenses following discovery.

WHEREFORE, the Defendant states that the Plaintiff is not entitled to any relief sought in the Complaint and respectfully requests:  (i) that judgment be entered in the Defendant's favor; and (ii) that the Court award the Defendant such other relief as the Court deems just and proper.

LOWE'S HOME CENTERS, LLC

By its attorneys,

/s/ Michael P. Murphy
Richard C. Van Nostrand, ct30251
Michael P. Murphy, ct30253
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581-3926
Phone:  (508) 898-1501
Fax:  (508) 463-1386
EM: rvannostrand@mirickoconnell.com
Dated:  November 14, 2017                    EM: mmurphy@mirickoconnell.com

CERTIFICATE OF SERVICE

I, Michael P. Murphy, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2017.

/s/ Michael P. Murphy
Michael P. Murphy, Esq.